IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | 4:05cr00178 SWW |
| | * | |
| | * | |
| DEBBY L. COSSITT | * | |
| DEBRA JEAN PRICE | * | |
| SHANNON MARIE HILL | * | |
| | * | |
| Defendants. | * | |

ORDER

On February 8, 2006, a superceding indictment was filed charging Debby L. Cossitt, owner/manager-operator of certain manufactured home sales companies, with filing false income tax returns (Counts I-III), fraud by wire in the nature of false and fraudulent customer financial data (Counts IV-IX), and conspiracy (Count X).  Debra Jean Price, who worked for Cossitt as manager of a Harrison, Arkansas sales lot, and Shannon Marie Hill, sister of and salesperson for Cossitt at a Jonesboro, Arkansas sales lot, are also charged with conspiracy (Count X).  Price is alleged to have participated with Cossitt in, among other things, impersonating customers in "telephone audits" with mortgage lenders and in directing customers to make misrepresentations directly to lenders, while Hill is alleged to have participated with Cossitt in, among other things, directing employees to falsify loan support documents including bank statements, pay stubs, cashier's checks, and W-2 forms to be submitted to mortgage lenders with the mortgage loan applications.

Before the Court is a motion for severance by Shannon Marie Hill to which the government has responded in opposition.  Noting that she is only charged in Count X, Hill

argues that if the defendants are not severed, she will be prejudiced due to (1) the large amount of evidence which has no reference to herself and the consequent possible inability of the jury to compartmentalize the small amount of evidence against herself, (2) the possibility of statement(s) which have been or may be given to the government by her co-defendants, and (3) mutually exclusive defenses of the co-defendants.

Federal Rule of Criminal Procedure 8(b) provides for the joinder of defendants alleged to have participated in the same criminal activity, *see* Fed.R.Crim.P. 8(b), and there is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). However, a district court may grant a severance where a defendant shows that he is prejudiced by a joint trial. *See* Fed.R.Crim.P. 14. *See also United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002); *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir.), *cert. denied*, 525 U.S. 907 (1998). Merely showing that a separate trial would increase the likelihood of acquittal is not sufficient. *United States v. Boone*, 437 F.3d 829, 837 (8th Cir.), *cert. denied*, 127 S.Ct. 172 (2006).

The record reflects that all defendants were properly joined under Fed.R.Crim.P. 8(b), and all defendants are alleged to have participated in the same act or transaction constituting an offense or offenses in Count X. *See United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998) (noting that the "same series of acts or transactions" generally means acts or transactions that are pursuant to a common plan or a common scheme), *cert. denied*, 526 U.S. 1050 (1999). The mere fact that one defendant may try to save herself at the expense of another is not sufficient grounds to require separate trials, *see Gravatt*, 280 F.3d at 1191 (citation omitted), and Hill has not shown that there is a serious risk that a joint trial would compromise a specific trial right of

herself, or prevent the jury from making a reliable judgment about guilt or innocence. *United States v. Taylor*, 253 F.3d 1115, 1116-17 (8th Cir. 2001) (citing *Zafiro*, 506 U.S. at 538).

IT IS THEREFORE ORDERED that Shannon Marie Hill's motion for severance be and hereby is denied.

Dated this 13th day of November, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE